91 F.3d 144
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Detrick CONERLY, Defendant-Appellant.
 No. 95-3428.
 United States Court of Appeals, Sixth Circuit.
 July 8, 1996.
 
 Before: SUHRHEINRICH and SILER, Circuit Judges; ALDRICH, District Judge*.
 PER CURIAM.
 
 
 1
 Defendant Detrick Conerly appeals his sentence entered pursuant to a guilty plea to charges of bank fraud, 18 U.S.C. § 1344, and fraudulent use of a social security number, 42 U.S.C. § 408(a)(7)(B). The issues raised concern the application of the Sentencing Guidelines. Specifically, he asserts that the district court erred by increasing the offense level for obstruction of justice, by failing to decrease the offense level for acceptance of responsibility, and by miscalculating the loss as a result of the criminal activity. We affirm.
 
 I. FACTS
 
 2
 Using the identity and social security number of Kenneth Golden, who was an attorney in New York, Conerly applied for a VISA card with the Huntington National Bank in May 1994. During that same month, using the same Golden identity, he obtained a personal installment loan in the amount of $2,400.00 from Huntington National Bank. In June 1994, Conerly used the VISA account at the bank to make purchases and cash advances totaling $3,736.41 on a $5,000.00 credit line. In May 1994, he also used the Golden identity and social security number to apply for a VISA card with Star Bank.
 
 
 3
 Earlier, in April 1994, Conerly purchased a Dodge automobile using a check drawn on a closed account. He also was accompanied by someone posing as David Maziarka as a cosigner. A loan application was approved using Maziarka's credit history, but the real David Maziarka did not know Conerly and did not authorize Conerly or anyone else to use his name or signature. In the following month, May 1994, Conerly went to a dealer in Whitehall, Ohio, to purchase a new Pontiac valued at $20,963.79. He identified himself as Kenneth Golden and provided an Ohio identification card in that name. He was arrested that date after the Pontiac dealer became suspicious and contacted the Dodge dealer, finding out that Conerly had purchased the Dodge with a worthless check.
 
 
 4
 After Conerly was arrested and in custody, he called the Star Bank, identified himself as Kenneth Golden, and requested to withdraw the money he had placed in his account there under the name of Kenneth Golden.
 
 
 5
 Conerly was sentenced to imprisonment for 27 months. In arriving at the offense level under the Sentence Guidelines, the court adjusted the base offense upward by two levels for obstruction of justice, denied the request by Conerly for a downward adjustment for acceptance of responsibility, and enhanced the base offense by four levels, finding an intended loss of $33,463.79.
 
 II. OBSTRUCTION OF JUSTICE
 
 6
 Where the district court finds the conduct of a defendant obstructs justice under USSG § 3C1.1, that will not be disturbed unless there is an abuse of discretion. See United States v. Jackson, 25 F.3d 327, 331 (6th Cir.), cert. denied, 115 S.Ct. 344 (1994).
 
 
 7
 In this case, the district court found that Conerly had obstructed justice by providing materially false information concerning his identity to the pretrial services officer and to the magistrate judge when he was being considered for release on bond before final disposition of his case. Conerly concedes that he gave some false information to the pretrial services officer who interviewed him. He told that officer that his name was Kenneth Gold but he used the name of Detrick Conerly. He said that he was born in New York, but that also was false, because he was born in Detroit. He further gave other false information such as an erroneous birth date and the fact that he had never been married, whereas, in fact, he was then married to Beverly Kuria. Under USSG § 3C1.1, comment. (n. 3(h)) "providing materially false information to a probation officer in respect to a presentence or other investigation for the court" is an example of the type of conduct to which the enhancement for obstruction of justice applies. See United States v. Ojo, 916 F.2d 388, 393 (7th Cir.1990). The district court did not abuse its discretion in finding that this conduct obstructed justice.
 
 III. ACCEPTANCE OF RESPONSIBILITY
 
 8
 Although admittedly Conerly pleaded guilty, a " 'guilty plea does not entitle a defendant to a sentence reduction as a matter of right.' " Jackson, 25 F.3d at 332 (quoting United States v. Christoph, 904 F.2d 1036, 1040 (6th Cir.1990), cert. denied, 498 U.S. 1041 (1991)).
 
 
 9
 The district court denied the reduction for acceptance of responsibility under USSG § 3E1.1, because Conerly had minimized the seriousness of his involvement in the offenses. It also considered the fact that while Conerly was interviewed by the pretrial services officer, he gave false information, for which he was already penalized under the obstruction of justice provision, § 3C1.1, and he attempted to withdraw his money in the name of Kenneth Golden from the Star Bank while he was still in custody. The district court's determination that a defendant did not accept responsibility is viewed under a clearly erroneous standard. United States v. Mahaffey, 53 F.3d 128, 134 (6th Cir.1995). The district court was not clearly erroneous in this finding, inasmuch as it had ample evidence of Conerly's failure to accept his responsibility for these offenses.
 
 IV. DETERMINATION OF LOSS
 
 10
 In a fraud or deceit case, USSG § 2F1.1(a) establishes a base offense level of six. Then, this is increased according to the loss involved in the offense. § 2F1.1(b). In this case, the district court increased the base offense by four levels under § 2F1.1(b)(1)(E). Although the court found that the intended loss was $33,463.79, the four-level increase under § 2F1.1(b)(1)(E) arises when the loss is more than $20,000.00. Where the intended loss can be determined, that figure will be used if it is greater than the actual loss. USSG § 2F1.1, comment. (n. 7).
 
 
 11
 Here, if it was proper to consider the purchase price of the Pontiac, $20,963.79, as an intended loss, then we need not decide whether the bank transactions would need to be added, for the Pontiac purchase price alone is above the $20,000.00 threshold.
 
 
 12
 Conerly relies upon United States v. Chichy, 1 F.3d 1501, 1507-08 (6th Cir.), superceded on other grounds, United States v. Cobleigh, 75 F.3d 242 (6th Cir.1996), cert. denied, 114 S.Ct. 620 (1993), in support of his position that the value of the Pontiac should be subtracted from the loan amount to determine the loss, because the automobile would have been used as an asset to secure the loan of the purchase price. However, this case is different from the factual situation in Chichy and in United States v. Lavoie, 19 F.3d 1102 (6th Cir.1994), because here the defendant used a false identity to obtain the loan, so the creditor might never have been able to repossess the collateral in the event of a default. Conerly contends also that it was error in computing the loss to have used the intended loss of the automobile, because the conduct was not charged in the indictment. He relies upon United States v. Moored, 997 F.2d 139 (6th Cir.1993), where we held that uncharged, unrelated conduct should not be used in calculating a sentence. Id. at 144. However, although the Pontiac transaction was not listed in the indictment, it was certainly related conduct, because Conerly used his false social security number on his identification card in his transaction with the Pontiac dealership. The court's calculation of the intended loss at a figure greater than $20,000.00 was not clearly erroneous.
 
 V. CONCLUSION
 
 13
 Therefore, finding no error by the district court, the judgment is affirmed.
 
 
 
 *
 The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation